## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**WILLIE ROBINSON, JR.**                                                                 **CIVIL ACTION**

**VERSUS**

**HOWARD PRINCE, ET AL**                                                              **NO. 09-1060-C-M2**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, May 13, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WILLIE ROBINSON, JR.**                                                                **CIVIL ACTION**

**VERSUS**

**HOWARD PRINCE, ET AL**                                              **NO. 09-1060-C-M2**

**MAGISTRATE JUDGE'S REPORT**

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Willie Robinson, Jr. ("Robinson"). The State has filed an opposition (R. Doc. 7-1) to Robinson's petition.

**PROCEDURAL BACKGROUND**

Robinson was charged by bill of information with two (2) counts of possession with intent to distribute Schedule II and IV narcotics in violation of La. R.S. 40:968A(1) and La. R.S. 40:969A. He was formally arraigned and pled not guilty to the charges against him. Following a jury trial, he was found guilty as charged on July 19, 2005. He filed a motion for new trial, which was denied on September 22, 2005. On October 6, 2005, the state trial court sentenced him to a term of five (5) years at hard labor on each charge. Robinson filed a Motion to Reconsider sentence, which was denied on October 25, 2005. He then appealed his conviction and sentence to the Louisiana First Circuit Court of Appeals. On September 20, 2006, the First Circuit denied his appeal and affirmed his conviction and sentence. Robinson also sought review of his conviction and sentence by the Louisiana Supreme Court, which review was denied on September 28, 2007.

On December 27, 2007, Robinson filed a post-conviction relief application with the state trial court, in which he raised two (2) claims: (1) illegal search and seizure without probable cause during the traffic stop; and (2) ineffective assistance of counsel. On

1

February 14, 2008, the state trial judge denied his post-conviction relief application. Robinson sought a writ to the First Circuit Court of Appeals concerning the denial of his post-conviction relief application, which writ request was denied on August 1, 2008. He also sought review by the Louisiana Supreme Court, which denied his writ request on October 2, 2009.

Robinson then filed his present habeas petition, which raises the same claims asserted in his direct appeal and post-conviction relief application, on or about December 18, 2009. The State concedes that Robinson's habeas petition is timely and that he exhausted his state court remedies relative to the claims in his habeas petition during his post-conviction proceedings. However, the State contends that Robinson's habeas petition should be dismissed with prejudice because his claims are procedurally barred since the state courts dismissed them pursuant to independent and adequate state procedural bars.

## **LAW & ANALYSIS**

A federal court that reviews a state prisoner's habeas claim must respect a state court's determination that the claim is procedurally barred under state law. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 2508-09, 53 L.Ed.2d 594 (1977).[1] In order for federal habeas review to be barred, however, the last state court rendering a judgment regarding a claim must clearly and expressly state that its judgment rests on a state procedural bar. *Prieto v. Quarterman*, 2008 WL 4218822, **3 (5th Cir. 2008), citing *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989); *Glover v. Cain*, 128 F.3d 900, 902 (5th

---

[1]*Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)("Under the procedural default doctrine, a federal court may not consider a state prisoner's federal habeas claim when the state based its rejection of that claim on an adequate and independent state ground").

Cir. 1997)(A state procedural rule enjoys a presumption of adequacy when the state court expressly relies on it in deciding not to review a claim for collateral relief).  Furthermore, when one reasoned state court decision rejects a federal claim on the basis of an independent and adequate state procedural ground, subsequent unexplained orders that uphold that judgment or reject the same claim are considered by a federal habeas court to rest on the same ground as did the reasoned state judgment, for purposes of the procedural default doctrine.   *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999)("Termed the 'look through' doctrine, this presumption enables federal courts to ignore- and hence, look through- an unexplained state court denial and evaluate the last reasoned state court decision").[2]   A petitioner may nevertheless overcome such a procedural bar (and the federal court may review his claim(s)) if he shows "cause" and "prejudice" for his procedural default or demonstrates that a failure to consider his claims will result in a "fundamental miscarriage of justice."[3]

In the present case, none of the state courts that considered Robinson's post-conviction relief application set forth a reasoned judgment expressly relying upon state procedural bars as the basis for their dismissal of that application.  In its judgment

---

[2] *See also, Winfield v. Cain*, 248 F.3d 1138 (5th Cir. 2001)(The "last state court" to render judgment on the petitioner's claim was the Louisiana Supreme Court, with a one-word opinion.  Because the Supreme Court's decision was "silent" as to its reasons for denial of Winfield's application for writ of certiorari, the Fifth Circuit "looked through" to the last clear state decision on the matter).

[3] *See, Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991)("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause and prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.")

3

concerning Robinson's post-conviction relief application, the state trial court simply stated the following:

> Considering the record of this proceeding, the objection and answer filed by the District Attorney, finding that the issues presented can be resolved without a hearing:
>
> IT IS ORDERED, ADJUDGED AND DECREED that the application for post conviction relief filed on December 27, 2007 is DENIED.

*See*, Judgment of 20th Judicial District Court dated February 14, 2008. Both the First Circuit Court of Appeals and the Louisiana Supreme Court then denied Robinson's writ applications pertaining to the denial of his post-conviction relief application without any written reasons. *See,* First Circuit's Judgment dated August 1, 2008 (stating "Writ denied in part and denied on the showing made"); Louisiana Supreme Court's Judgment dated October 2, 2009 (stating that petitioner's writ application was "Denied"). Since none of the state courts specifically stated that their decisions not to consider the merits of Robinson's post-conviction claims were based upon independent and adequate state procedural bars, the sole basis that the State asserts for dismissing Robinson's habeas petition (*i.e.*, procedural default) is without merit. The undersigned therefore recommends that Robinson's habeas petition not be dismissed for procedural reasons and that, if the district judge adopts this report and recommendation as the Court's opinion, the State (through the District Attorney for the 20th Judicial District) be ordered to file a response to the merits of the claims contained in Robinson's habeas petition.[4] It is also recommended that, since

---

[4] The undersigned notes that, although the State has responded to Robinson's habeas petition on procedural grounds (*i.e.*, by arguing, in a boilerplate fashion, that his claims are procedurally defaulted and that petitioner is not entitled to an evidentiary hearing), the State has completely failed to address the specific merits of Robinson's

4

the Deputy Clerk of Court for the 20th Judicial District Court filed a complete certified copy of the state court record into the record of this matter, petitioner's "Motion for Contempt and of Relief Sought by the Petitioner Habeas Corpus" (R. Doc. 10) be denied as moot.

## **RECOMMENDATION**

For the above reasons, it is recommended that the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Willie Robinson, Jr. should not be dismissed as procedurally barred.  It is further recommended that, if this report and recommendation is adopted as the Court's opinion, the State of Louisiana (through the District Attorney for the 20th Judicial District) shall be ordered to file a response to the merits of the claims contained in Robinson's habeas petition.  It is further recommended that the "Motion for Contempt and of Relief Sought by the Petitioner Habeas Corpus" (R. Doc. 10) be denied as moot.

Signed in chambers in Baton Rouge, Louisiana, May 13, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

two habeas claims and should do so in a supplemental memorandum in opposition.  In fact, it appears to the undersigned that the State has possibly "cut and pasted" its present opposition from a prior opposition in response to another habeas petition since its arguments concerning procedural default do not comport with the state court record (*i.e.*, none of the state courts *expressly* relied upon any procedural bars in denying petitioner's post-conviction relief application, as the State contends), the State relies upon paragraphs of law without any specific analysis of how it applies to Robinson's case, and the State actually refers to the incorrect presiding state district court judge on page 7 of its opposition.  The undersigned cautions the District Attorney that any supplemental opposition in response to the merits of Robinson's habeas petition should involve a careful consideration of the state court record and specific arguments addressing the merits of Robinson's claims.

5